Silvia E. Luna, Esq., SBN 315077
**LUNA LEGAL FIRM**
16501 Ventura Blvd., Suite 400
Encino, CA 91436
Telephone: (213) 444-6196
Facsimile: (213) 210-2694
E-mail: sluna@lunalegalfirm.com

Attorneys for Plaintiffs
**MIRIAM PALAFOX ALCAY, MARIA DIAZ,
NORMA DANIELA PEREZ, LAURA ANGELICA
RENDON, AND MONICA REYNOSO**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM PALAFOX ALCAY; MARIA DIAZ; NORMA DANIELA PEREZ; LAURA ANGELICA RENDON; and MONICA REYNOSO,<br><br>          Plaintiffs,<br><br>      v.<br><br>ECONCENTRO L.P.; GEORGE C. WONG; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: **'23 CV 0024 BTM AHG**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>**REPRESENTATIVE ACTION**<br><br>**[JURY TRIAL DEMANDED]**<br><br>(1)  Failure to Timely Provide Employment Records in Violation of Labor Code §1198.5<br>(2)  Failure to Provide Required Rest Periods;<br>(3)  Failure to Provide Required Meal Periods;<br>(4)  Failure to Pay Minimum Wages (Cal. Labor Code); |

---

COMPLAINT FOR DAMAGES

(5)  Failure to Pay Minimum Wages (Fair Labor Standards Act);

(6)  Failure to Timely Pay All Wages Due to Discharged and Resigning Employees;

(7)  Failure to Timely Pay All Wages Earned;

(8)  Failure to Maintain Required Records;

(9)  Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties;

(10) Failure to Provide Accurate Itemized Wage Statements (Labor Code § 226);

(11) Gender Discrimination in Violation of the FEHA;

(12) Violation of the Equal Pay Act;

(13) Failure to Provide a Timely, Good Faith,  Interactive Process;

(14) Failure to Provide A Reasonable Accommodation;

(15) Retaliation in Violation of Public Policy; and

(16) Retaliation and Wrongful Termination (Gov't. Code § 12940(h));

(17) Intentional Infliction of Emotional Distress;

(18) Unfair Business Practices (Business & Professions Code §§ 17200 *et seq.*); and

(19) Private Attorneys General Act ("PAGA") (Labor Code §§ 2698 *et seq.*).

Plaintiffs MIRIAM PALAFOX ALCAY, MARIA DIAZ, NORMA DANIELA PEREZ, LAURA ANGELICA RENDON, AND MONICA REYNOSO (collectively referred to as "PLAINTIFFS") hereby allege as follows:

## INTRODUCTION

1. This is an action for relief from violations of PLAINTIFFS workplace rights by Defendants ECONCENTRO L.P., GEORGE C. WONG, and DOES 1 through 10 (collectively "DEFENDANTS"). DEFENDANTS blatantly violated both federal and state wage and hour laws, including rest and meal break laws, unlawfully denied PLAINTIFFS and similarly situated employees of rest and meal break penalties, their rights to protected leave, and then retaliated against PLAINTIFFS for asserting their protected rights under these laws.

2. DEFENDANTS also knowingly and intentionally paid PLAINTIFFS and similarly situated employees less than their male counterparts for performing substantially similar work, in violation of California's Equal Pay Act, and afforded male counterparts with greater benefits in violation of the California Fair Employment and Housing Act ("FEHA").

3. This action is brought by PLAINTIFFS to secure declaratory relief and damages to remedy DEFENDANTS' violations of federal, state, and local employment laws by failing to adequately compensate PLAINTIFFS for the hours they worked, and to secure declaratory, compensatory, and punitive damages to remedy DEFENDANTS commission of unlawful retaliation for PLAINTIFFS' assertion of their protected rights under federal and state employment laws.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

5. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because PLAINTIFFS'

COMPLAINT FOR DAMAGES

claims under the California Labor Code, the Unfair Competition Law, the Equal Pay Act, and California common law form part of the same case or controversy under Article III of the United States Constitution. PLAINTIFFS' state law claims share all common operative facts with her federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

6.      Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Southern District of California because PLAINTIFFS reside in this District, DEFENDANTS reside in and employed PLAINTIFFS in this District, and the unlawful employment practices alleged herein giving rise to PLAINTIFFS' claims occurred in this District

## THE PARTIES

7.      PLAINTIFFS are and have been residents of the County of Imperial, State of California. PLAINTIFFS' claims arose, at least in part, in Imperial County, California.

8.      Defendant ECONCENTRO L.P. (hereinafter "ECONCENTRO") is and, at all relevant times herein, was a California corporation, limited liability company, partnership, and/or legal entity duly doing business within the State of California, including, but not limited to, Imperial County. On information and belief, Defendant ECONCENTRO manages numerous currency exchange branches throughout Southern California. At all times relevant herein Defendant ECONCENTRO was PLAINTIFFS' employer covered by the FLSA, the California Labor Code, AND Industrial Welfare Commission's ("IWC") Wage Orders, promulgated by the Commission pursuant to and by virtue of the authority vested in it by Sections 1171 through 1204 of the Labor Code and Article 14, Section 1 of the Constitution of the State of California.

9.      Defendant GEORGE C. WONG (hereinafter Defendant "WONG") is, on information and belief, an adult resident of Imperial County, California.

COMPLAINT FOR DAMAGES

1   Defendant WONG was, during the relevant time period, the sole member, partner,

2   owner, shareholder, manager, president, and/or Chief Executive Officer of

3   Defendant ECONCENTRO on each entity's statement of information filed with the

4   California Secretary of State. At all times relevant herein Defendant WONG was

5   PLAINTIFFS' employer covered by the FLSA, California Labor Code, IWC Wage

6   Orders, and common law. PLAINTIFFS are informed and believes that Defendant

7   WONG is a joint employer, working as a joint enterprise with and/or the alter ego of

8   Entity Defendants. Defendant WONG controls and is intimately involved in the day-

9   today operations of Defendant ECONCENTRO and both determined and instituted

10  the unlawful wage and hour, retaliatory practices, and equal pay violations alleged

11  herein. Defendant WONG has violated or caused to be violated the provisions of

12  IWC Wage Orders regulating minimum wages and/or hours and days of work as

13  well as California Labor Codes. As such, Defendant WONG is personally liable for

14  the Wage Order and Labor Code violations cited above pursuant to Labor Code §

15  558.1.

16        10.    The true names and capacities, whether individual, corporate, associate

17  or otherwise, of DOES 1 through 10 are unknown to PLAINTIFFS, who therefore

18  sue the DOE Defendants by fictitious names. PLAINTIFFS are informed, believe,

19  and thereon allege that Defendants DOES 1 through 10 were in some manner

20  responsible for the acts and injuries complained of herein, and were at all times

21  mentioned herein employees, agents, partners, and/or representatives of Defendant

22  ECONCENTRO and were at all times acting within the course and scope of such

23  agency, service, employment, partnership and/or joint venture. PLAINTIFFS will

24  amend this Complaint to state their true names and capacities when they have been

25  ascertained.

26                        **JOINT LIABILITY AND ALTER EGO**

27        11.    Unless otherwise indicated herein, at all relevant times, each defendant

28  is the agent, servant, employee, co-conspirator, joint venture, general employer,

special employer, dual employer, alter ego, and/or partner of every other defendant and acted within the course and scope of such agency, conspiracy, employment, partnership, alter-ego and/or in furtherance of the joint venture with the knowledge and/or consent of co-defendants, and each of them.  Moreover, PLAINTIFFS are informed and believe, and thereon allege, that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

12.    At all times relevant hereto, Defendant WONG was the alter ego of Defendant ECONCENTRO, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between each Defendant such that any separateness between them has ceased to exist in that Defendants WONG completely controlled, dominated, managed, and operated the other Defendants to suit his convenience.

13.    Specifically, at all times relevant hereto, Defendant WONG (1) controlled the business and affairs of ECONCENTRO, including any and all of their affiliates; (2) commingled the funds and assets of the corporate entities, and diverted corporate funds and assets for their own personal use; (3) disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; (4) inadequately capitalized Defendant ECONCENTRO; (5) used the same office or business location and employed the same employees for all the corporate entities; (6) held themselves out as personally liable for the debts of the corporate entities; (7) used the corporate entities as a mere shells, instrumentalities or conduits for themselves and/or their individual businesses; (8) used the corporate entities to procure labor, services or merchandise for themselves personally, another person, and/or other entities; (9) manipulated the assets and liabilities between the corporate entities so as to concentrate the assets in one and the liabilities in another; (10) used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or (11) used the corporate entities to shield against personal obligations, and in particular the obligations as alleged in this

COMPLAINT FOR DAMAGES

Complaint.

14.     At all times relevant thereto, Defendant ECONCENTRO was not only influenced and governed by Defendant WONG, but there was such a unity of interest and ownership that the individuality, or separateness, of Defendant ECONCENTRO has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

15.     PLAINTIFFS are informed and believe that at all relevant times mentioned herein, the acts of the business entities involved were performed by an employee, agent, officer, servant and/or representative of Defendants ECONCENTRO and/or WONG.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     Prior to filing this action, PLAINTIFFS timely exhausted their administrative remedies, by timely filing an administrative complaint with the Civil Rights Department ("CRD"). (formerly the Department of Fair Employment and Housing). On January 6, 2023, PLAINTIFFS obtained a right to sue letter from the CRD with respect to Defendants ECONCENTRO and WONG. Attached as Exhibit 1 are true and correct copies of right to sue letters.  Pursuant to Cal. Gov't Code § 12965(d)(2), PLAINTIFF'S time to commence a civil action under the FEHA expires "when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later."

17.     On October 22, 2022, PLAINTIFFS submitted a Private Attorney General Act ("PAGA") notice to the Labor and Workforce Development Agency and mailed copy of the notice via Certified Mail to Defendant ECONCENTRO. On October 24, 2022, the notice was delivered to Defendant ECONCENTRO. To date, the Labor and Workforce Development Agency has not intervened. A true and correct copy of the cover letter sent via certified mail to the Defendant

COMPLAINT FOR DAMAGES

ECONCENTRO and California's Labor and Workforce Development Agency (LWDA) is attached as Exhibit 2.

## GENERAL ALLEGATIONS

18.   At all times relevant herein, the employment of the aforementioned PLAINTIFFS, cashiers, and employees of DEFENDANTS were subject to the provisions of the Fair Labor Standards Act, California Labor Code, and IWC's Wage Orders, including but not limited Wage Order 7-2001.

19.   At all times relevant herein, there were in full force and effect Orders of the IWC covering various occupations in which DEFENDANTS' employees were employed, including but not limited to IWC Order No. 7 2001 covering the "Mercantile Industry." The IWC Orders are codified at Title 8, California Code of Regulations, Section 11010, et seq.

## DEFENDANTS' UNLAWFUL PRACTICES AND POLICIES

20.   On or about February 10, 2014, DEFENDANTS hired Plaintiff Laura Angelica Rendon (hereinafter "PLAINTIFF RENDON") to work as a cashier at DEFENDANTS' currency exchange shops throughout Imperial County.

21.   At all relevant times, PLAINTIFF RENDON worked five days per week approximately seven (7) hours per shift.

22.   On or about March 14, 2017, DEFENDANTS hired Plaintiff Miriam Palafox Alcay (hereinafter "PLAINTIFF PALAFOX ALCAY") to work as a cashier at DEFENDANTS' currency exchange shops throughout Imperial County.

23.   At all relevant times, PLAINTIFF PALAFOX ALCAY worked five days per week approximately seven (7) hours per shift.

24.   On or about September 24, 2018, DEFENDANTS hired Plaintiff Maria Diaz (hereinafter "PLAINTIFF DIAZ") to work as a cashier at DEFENDANTS' currency exchange shops throughout Imperial County.

25.   At all relevant times, PLAINTIFF DIAZ worked five days per week approximately seven (7) hours per shift. At times, PLAINTIFF DIAZ worked more

than 8 hours per shift.

26.     On or about September 9, 2018, DEFENDANTS hired Plaintiff Norma Daniela Perez (hereinafter "PLAINTIFF PEREZ") to work as a cashier at DEFENDANTS' currency exchange shops throughout Imperial County.

27.     At all relevant times, PLAINTIFF PEREZ worked five days per week approximately seven (7) hours per shift.

28.     On or about October 20, 2019, DEFENDANTS hired Plaintiff Monica Reynoso (hereinafter "PLAINTIFF REYNOSO") to work as a cashier at DEFENDANTS' currency exchange shops throughout Imperial County.

29.     At all relevant times, PLAINTIFF REYNOSO worked five days per week approximately seven and a half (7.5) hours per shift.

30.     At all relevant times, PLAINTIFFS were non-exempt employees of DEFENDANTS.

31.     At all relevant times, PLAINTIFFS floated between DEFENDANTS' different currency exchange shops.

32.     From the outset of PLAINTIFFS' employment, DEFENDANTS required that PLAINTIFFS balance their cash register at the end of their shift. If PLAINTIFFS could not balance during the time allotted, DEFENDANTS demanded that PLAINTIFFS clock out and finish balancing their cash registers. DEFENDANTS did not pay PLAINTIFFS for the time worked off the clock.

33.     From the outset of PLAINTIFFS' employment, DEFENDANTS did not provide PLAINTIFFS with rest breaks.

34.     From the outset of PLAINTIFFS' employment, DEFENDANTS repeatedly failed to provide PLAINTIFFS with a thirty (30) minute uninterrupted meal break within the first five hours of work.

35.     From the outset of PLAINTIFFS' employment, DEFENDANTS failed to provide PLAINTIFFS with meal breaks at the "La Quinta" currency exchange shop.

36.     From the outset of PLAINTIFFS' employment, DEFENDANTS failed to provide PLAINTIFFS with meal breaks when they worked the graveyard shift.

37.     From the outset of PLAINTIFFS' employment, DEFENDANTS repeatedly interrupted PLAINTIFFS' meal breaks.

38.     From the outset of PLAINTIFFS' employment, DEFENDANTS failed to provide support staff to relieve PLAINTIFFS to take uninterrupted breaks. PLAINTIFFS were often left alone without any other staff making it impossible for them to take rest and meal breaks.

39.     From the outset of PLAINTIFFS' employment, DEFENDANTS repeatedly harassed PLAINTIFFS' for taking rest and meal breaks during busy business hours.  DEFENDANTS maintained cameras and audio surveillance, which they utilized to monitor and harass PLAINTIFFS if they took rest and meal periods.

40.     DEFENDANTS failed pay PLAINTIFFS meal penalties for the shifts wherein PLAINTIFFS were not provided a rest or meal break as required by the California Labor Code.

41.     Beginning around April 2022, DEFENDANTS required that PLAINTIFFS travel to its currency exchange shops mid-shift to provide coverage. Some PLAINTIFFS did not have transportation. DEFENDANTS failed to provide PLAINTIFFS with transportation. As such, PLAINTIFFS were required to use their personal vehicle to drive or walk to the currency exchange shops in one-hundred (100) degree weather.

42.     DEFENDANTS did not reimburse PLAINTIFFS for their mileage.

43.     DEFENDANTS did not compensate PLAINTIFFS for their travel time.

44.     From the outset of their employment, DEFENDANTS required that PLAINTIFFS use their personal cell phones for work-related matters, including but not limited to, communicating about schedules, covering employees, traveling to other currency exchange shops, and whenever the internet was unavailable at the currency exchange shop.

45.     DEFENDANTS did not reimburse PLAINTIFFS for their cell phone expenses.

46.     At all relevant times, DEFENDANTS knowingly and intentionally assigned male cashiers duties that afforded them with greater autonomy and opportunities for breaks, including but not limited to running errands between DEFENDANTS' branches. DEFENDANTS knowingly and intentionally refused the same opportunities to female employees, including PLAINTIFFS. During these errands, male employees were afforded the opportunity to take rest and meal breaks away from the busy and stressful branches, and away from the DEFENDANTS' micromanagement. On the other hand, female employees, including PLAINTIFFS, were deprived of the same opportunities.

47.     At all relevant times, DEFENDANTS knowingly and intentionally paid male cashiers who performed substantially similar work as PLAINTIFFS at a higher hourly rate than PLAINTIFFS.

48.     In or about April 2020, DEFENDANTS closed all of the currency exchange shops for approximately four (4) weeks due to the pandemic.

49.     Upon reopening its currency exchange shops, PLAINTIFF PALAFOX ALCAY notified DEFENDANTS' employee and supervisor, Betty Romero, that she had been diagnosed with anxiety and needed additional time off. DEFENDANTS denied the request.

50.     A few weeks later, DEFENDANTS' employee and supervisor, Letty Gallego terminated PLAINTIFF PALAFOX ALCAY.

51.     In or around May 25, 2020, PLAINTIFF RENDON requested time off to care for her two-year old daughter because her child's daycare facility was closed due to the pandemic. DEFENDANTS denied the time off.

52.     DEFENDANTS terminated PLAINTIFF RENDON a few days later on or about May 31, 2020.

53.     Additionally, PLAINTIFFS are informed and believe and thereon allege

that at all relevant times, DEFENDANTS failed to pay other non-exempt employees' wages and/or rest and/or meal penalties to which they were entitled to under the California Labor Code and applicable regulations, including the failure to provide rest and meal periods or one hour's wages in lieu thereof.

54.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS implemented a scheme to evade responsibility for non-exempt employee wages and benefits to which they are lawfully entitled to under the California Labor Code and applicable regulations.

55.    PLAINTIFFS are informed and believe and thereon allege that other non-exempt employees employed by DEFENDANTS, including PLAINTIFFS, were not allowed to take their rest periods and were not provided their meal periods as required by California law.

56.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS failed to pay non-exempt employees their timely wages each pay period and/or final wages after they ceased working for DEFENDANTS.

57.    On October 5, 2022, counsel for PLAINTIFFS PEREZ and DIAZ sent via certified mail a letter (hereinafter "LETTER") to DEFENDANTS requesting to inspect and/or obtain a copy of PLAINTIFFS PEREZ and DIAZ wage statements and any documents signed by PLAINTIFFS PEREZ and DIAZ during their employment, including the personnel file pursuant to Labor Code sections 1198.5, 226 subdivision (b), and 432.

58.    On October 7, 2022, the LETTER was delivered to DEFENDANTS.

59.    On November 4, 2022, DEFENDANTS produced incomplete records for PLAINTIFFS PEREZ and DIAZ responsive to the LETTER.

60.    On December 1, 2022, counsel for PLAINTIFFS PEREZ and DIAZ emailed DEFENDANTS' counsel requesting the missing documents responsive to the LETTER.

61.    On December 13, 2022, counsel for PLAINTIFFS PEREZ and DIAZ

emailed DEFENDANTS' counsel requesting the missing documents responsive to the LETTER.

62.    To date, DEFENDANTS have not permitted PLAINTIFFS PEREZ and DIAZ to inspect their personnel records and have not produced a copy of complete records.

## FIRST CAUSE OF ACTION

### Failure to Timely Provide Employment Records

### [Cal. Labor Code § 1198.5]

### (By Plaintiff PEREZ and DIAZ against all Defendants)

63.    PLAINTIFFS PEREZ and DIAZ incorporate all paragraphs above as though fully set forth herein.

64.    California Labor Code §1198.5(a) provides: "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

65.    Pursuant to California Labor Code §1198.5(b), the employer must make the contents of employees' personnel records available no later than 30 calendar days from the date the employer receives a written request.

66.    PLAINTIFFS PEREZ and DIAZ requested their respective personnel files in the LETTER dated October 5, 2022, which was delivered to DEFENDANTS on October 7, 2022.

67.    DEFENDANTS failed to provide or allow inspection of the complete personnel files within thirty (30) days.

68.    As a direct and proximate result of DEFENDANT' unlawful conduct as set forth herein, the PLAINTIFFS PEREZ and DIAZ may recover the seven-hundred fifty dollar ($750) penalty provided for under California Labor Code § 1198.5(k), plus interest thereon, reasonable attorneys' fees, and costs. In addition, PLAINTIFFS

PEREZ and DIAZ are entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 1198.5(l).

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001]

### (Against all Defendants)

69.     PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

70.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7-2001.

71.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 7-2001 by failing to pay PLAINTIFFS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

72.      As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, costs of suit, and attorneys' fees.

## THIRD CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 7-2001]

### (Against all Defendants)

73.     PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

74.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and

due, DEFENDANTS required, permitted, or otherwise failed to provide PLAINTIFFS with the required meal periods pursuant to California Labor Code § 226.7, 512 and IWC Wage Order No. 7-2001.

75.   DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 7-2001 by failing to compensate PLAINTIFFS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

76.   DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 7-2001 by failing to compensate PLAINTIFFS for all hours worked during their meal periods.

77.   As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, costs of suit, and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code § 1197]

### (Against all Defendants)

78.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

79.   Labor Code section 1197 provides that "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

80.   PLAINTIFFS are informed and believe, and thereon allege that as a result of DEFENDANTS systematic practice of failing to pay meal and/or rest break penalties and forcing employees to work off the clock, PLAINTIFFS and other similarly situated employees were not paid for all of their hours and therefore did not receive minimum wage for all hours worked required by California Labor Code

section 1197.

81.     PLAINTIFFS are informed and believe, and thereon allege that as a result of DEFENDANTS systematic practice of denying protected paid leave pursuant to the Family First Coronavirus Response Act ("FFRCA"), DEFENDANTS' employees, including PLAINTIFF RENDON, were not paid for all of their hours and therefore did not receive minimum wage for all hours worked required by California Labor Code section 1197.

82.     As a direct and proximate result of DEFENDANTS' conduct in violation of Labor Code section 1197, the above-described employees of DEFENDANTS have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in amounts according to proof at trial.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Minimum Wages in Violation of the Fair Labor Standards Act**

**[29 U.S.C. § 201 et seq.]**

**(Against all Defendants)**

83.     PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

84.     The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., provides that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.

85.     The FLSA further provides that employees shall not be employed more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

86.     The FLSA requires, among other things, that employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce must pay employees the minimum wage for all

1  time worked and overtime pay at their regular rate of pay.  (29 U.S.C. §§ 206(a)(l)
2  and 207(a)(l).)

3      87.    DEFENDANTS are subject to the requirements of the FLSA because
4  they are an enterprise engaged in interstate commerce and their employees are
5  engaged in commerce.

6      88.    PLAINTIFFS and other employees of DEFENDANTS were victim of a
7  uniform and company-wide compensation policy which, in violation of the FLSA,
8  has been applied to non-exempt employees who worked for DEFENDANTS in the
9  State of California.

10     89.    PLAINTIFFS are informed and believe, and thereon allege that as a
11 result of DEFENDANTS systematic practice of failing to pay meal and/or rest break
12 penalties and forcing employees to work off the clock, PLAINTIFFS and other
13 similarly situated employees did not receive payment for all of their hours and
14 therefore did not receive minimum wage for all hours worked required by FLSA.

15     90.    DEFENDANTS systematic practice of denying protected paid leave
16 pursuant to the FFRCA resulted in DEFENDANTS' employees, including
17 PLAINTIFF RENDON, not receiving payment for all of their hours and therefore
18 did not receive minimum wage for all hours worked required by FLSA.

19     91.    DEFENDANTS have a uniform policy and practice of not paying non-
20 exempt employees for all hours worked, including straight time and overtime
21 compensation, and requiring employees to work passed their scheduled shift without
22 compensation.

23     92.    29 U.S.C. § 255 provides that a three-year statute of limitations applies
24 to willful violations of the FLSA. DEFENDANTS' unlawful conduct, as described
25 herein, has been willful and intentional. DEFENDANTS were aware or should have
26 been aware that its practices were unlawful.

27     93.    DEFENDANTS have acted neither in good faith nor with reasonable
28 grounds to believe that their actions and omissions were not a violation of the FLSA,

and as a result thereof, PLAINTIFFS and other aggrieved employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. §216(b).

94.     By virtue of DEFENDANTS' unlawful failure to pay PLAINTIFFS and other aggrieved employees for all hours worked, including overtime, PLAINTIFFS and the aggrieved employees have suffered, and will continue to suffer, damages in amounts according to proof at trial. Accordingly, DEFENDANTS are liable for unpaid wages, together with an amount equal as liquidated damages, attorney's fees and costs of this action.

95.     PLAINTIFFS seek declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for unpaid compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, et seq.

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due to Discharged and/or Quitting Employees**
**[Cal. Labor Code §§ 201, 202, 203]**
**(Against all Defendants)**

96.     PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

97.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

98.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours

COMPLAINT FOR DAMAGES

previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

99.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

100.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFFS in accordance with California Labor Code §§ 201 and 202.

101.    As a result, PLAINTIFFS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

102.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SEVENTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Earned

### [Cal. Labor Code § 204]

### (Against all Defendants)

103.    PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

104.    Pursuant to California Labor Code § 204, DEFENDANTS are required to pay employees at least twice a month for all wages earned during the preceding

- 19 -

pay period. California Labor Code § 204 mandates that labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

105.   Furthermore, pursuant to California Labor Code § 204, if DEFENDANTS utilize an alternate payday schedule, DEFENDANTS are required to pay wages within seven calendar days of the end of the payroll period in which the wages were earned.

106.   At all relevant times, DEFENDANTS willfully failed to timely pay accrued wages and other compensation to PLAINTIFFS in accordance with California Labor Code § 204.

107.   As a result, PLAINTIFFS are entitled to all available statutory penalties, together with interest thereon, as well as other available remedies.

108.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## EIGHTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226; IWC Wage Order No. 7-2001]

### (Against all Defendants)

109.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

110.   At all relevant times, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFFS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California

COMPLAINT FOR DAMAGES

Labor Code §§ 226, 1174, and IWC Wage Order No. 7-2001, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and/or accurate itemized statements.

111.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## NINTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all Defendants)**

112.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

113.   California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

114.   At all relevant times, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS and other employees for business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for mileage

and cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

115.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and other employees have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFFS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## TENTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### [Cal. Labor Code § 226(a)]

### (Against all Defendants)

116.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

117.   At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each employee with an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

118.    DEFENDANTS have intentionally and willfully failed to provide employees, including PLAINTIFFS, with complete and accurate wage statements. The deficiencies include but are not limited to, failure to include gross wages earned, total hours worked by the employee, net wages earned in violation of Labor Code § 226(a)(8).

119.   As a result of DEFENDANTS' violation of California Labor Code § 226(a), PLAINTIFFS have suffered injury and damage.

120.   Specifically, PLAINTIFFS have been injured by DEFENDANTS' intentional violation of California Labor Code § 226(a) because PLAINTIFFS were denied the legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

121.   PLAINTIFFS were also injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANTS' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

122.    PLAINTIFFS are entitled to recover from DEFENDANTS' the greater of his actual damages caused by DEFENDANTS' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

123.   PLAINTIFFS are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

## ELEVENTH CAUSE OF ACTION

### Gender Discrimination

### [Gov. Code § 12940(n)]

### (Against all Defendants)

124.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

125.   At all times relevant, DEFENDANTS were covered employers within

1    the definition of the Fair Employment and Housing Act ("FEHA").

2         126.   PLAINTIFFS were employees of DEFENDANTS.

3         127.   PLAINTIFFS job titles were cashiers.

4         128.   DEFENDANTS knowingly and intentionally refused to provide

5    PLAINTIFFS with the same opportunities, benefits, autonomy, and rest breaks

6    provided to male employees.

7         129.   DEFENDANTS knowingly and intentionally paid its male cashiers

8    more than its female cashiers, including PLAINTIFFS, for substantially similar

9    work.

10        130.   PLAINTIFFS' gender and/or sex was a substantial motivating reason

11   for DEFENDANTS' decision to deny PLAINTIFFS' of the same opportunities,

12   autonomy, rest breaks, and pay afforded to male cashier employees.

13        131.   As a direct and proximate cause of DEFENDANTS' acts, PLAINTIFFS

14   were harmed.

15        132.   DEFENDANTS' conduct was a substantial factor in causing

16   PLAINTIFFS' harm.

17                    **TWELFTH CAUSE OF ACTION**

18                         **Equal Pay Act**

19                       **[Lab. Code, § 1197.5]**

20                      **(Against all Defendants)**

21        133.   PLAINTIFFS incorporate all paragraphs above as though fully set forth

22   herein.

23        134.   At all times relevant, PLAINTIFFS were employees of

24   DEFENDANTS.

25        135.   PLAINTIFFS job titles were cashiers.

26        136.   DEFENDANTS knowingly and intentionally paid its male cashiers

27   more than its female cashiers, including PLAINTIFFS, for substantially similar

28   work.

137.   PLAINTIFFS were performing substantially similar work as the male cashiers, considering the overall combination of skill, effort, and responsibility required.

138.   PLAINTIFFS were working under similar working conditions as the male cashiers.

139.   As a direct and proximate cause of DEFENDANTS' acts, PLAINTIFFS were harmed.

140.   DEFENDANTS' conduct was a substantial factor in causing PLAINTIFFS' harm.

**THIRTEENTH CAUSE OF ACTION**

**Failure to Provide a Timely, Good Faith, Interactive Process**

**[Gov. Code § 12940(n)]**

**(By Plaintiff Miriam Palafox Alcay Against All Defendants)**

141.   PLAINTIFF PALAFOX ALCAY incorporates all paragraphs above as though fully set forth herein.

142.   At all times material hereto, PLAINTIFF PALAFOX ALCAY was an employee of DEFENDANTS and was covered and protected by California Government Code § 12940(n).

143.   DEFENDANTS, at the time of the wrongful conduct against PLAINTIFF PALAFOX ALCAY described herein, knew that it was against the law and an unlawful employment practice for an employer or other entity covered by under Government Code, Section 12940(n), to fail to engage in a timely, good faith, interactive process with an employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

144.   Defendants, at the time of the wrongful conduct against PLAINTIFF PALAFOX ALCAY described herein, knew or should have known, of PLAINTIFF

PALAFOX ALCAY'S right to a timely, good faith interactive process and to have her disability and/or perceived disability accommodated under Government Code Section 12940(n), which is a separate and distinct right and include many potential "reasonable accommodations" for an employee's disability and/or perceived disability.

145.   PLAINTIFF PALAFOX ALCAY specifically requested an accommodation, as described herein.  She also attempted to engage in the interactive process with DEFENDANTS.  Rather than meaningfully discuss reasonable accommodations with her or accommodate her disability, DEFENDANTS refused to engage in a good-faith, interactive process and forced PLAINTIFF PALAFOX ALCAY to return to work or terminate her employment.

146.   As a direct, foreseeable and proximate result of DEFENDANTS behavior, PLAINTIFF PALAFOX ALCAY has suffered, and continues to suffer, damages in an amount according to proof at trial.

147.   PLAINTIFF PALAFOX ALCAY is informed and believes, and thereon alleges, that DEFENDANTS committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure her and that such improper motives amounted to malice and a conscious disregard of her rights as set forth in Government Code § 12940(n).  An award of punitive damages against DEFENDANTS is therefore warranted.

148.   As a result of the discriminatory conduct of DEFENDANTS, as alleged herein, PLAINTIFF PALAFOX ALCAY is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

149.   PLAINTIFF PALAFOX ALCAY further prays for a permanent injunction and declaratory relief preventing DEFENDANTS from committing similar violations of FEHA in the future and declaring DEFENDANTS violations of FEHA in the instant matter.

///

COMPLAINT FOR DAMAGES

## FOURTEENTH CAUSE OF ACTION

### Failure to Provide a Reasonable Accommodation

### [Gov. Code § 12940(m)]

### (By Plaintiff Miriam Palafox Alcay Against All Defendants)

150.   PLAINTIFF PALAFOX ALCAY incorporates all paragraphs above as though fully set forth herein.

151.   At all times material hereto, PLAINTIFF PALAFOX ALCAY was an employee of DEFENDANTS and was covered and protected by California Government Code § 12940(m).

152.   DEFENDANTS, at the time of the wrongful conduct against PLAINTIFF PALAFOX ALCAY described herein, knew that it was against the law and an unlawful employment practice for an employer or other entity covered under Government Code section 12940(m) to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

153.   DEFENDANTS, at the time of the wrongful conduct against PLAINTIFF PALAFOX ALCAY described herein, knew or should have known, that under Government Code, Section 12926(n), 2 Cal.C.Regs. Section 7293.9 (a) and relevant case law, employers who are aware of the employee's disability or at least perceive a disability (disability includes "any" limitation on a "major life activity" including work) have an "affirmative duty" to make "reasonable accommodations" for that employee which include, but are not limited to:

     a) A leave of absence [beyond the limits of those required under the CFRA];

     b) Job restructuring;

     c) Offering part-time or modified work schedules;

     d) Preferential consideration in the reassignment of existing employees [including the transferring or termination of harassers];

     e) Reassigning to a vacant position;

f) Adjusting or modifying policies [including leave policies]; and

g) Other similar accommodations for individuals with disabilities.

154.   PLAINTIFF PALAFOX ALCAY specifically requested an accommodation, as described herein.  In fact, PLAINTIFF PALAFOX ALCAY advised DEFENDANTS that she was had been diagnosed with anxiety and was not well mentally or emotionally to return to work following a brief leave of absence. DEFENDANTS disregarded this request for additional time and, instead, forced PLAINTIFF PALAFOX ALCAY to return to work without any accommodation or interactive process, or to submit to termination.

155.   As a direct, foreseeable and proximate result of DEFENDANTS behavior, PLAINTIFF PALAFOX ALCAY has suffered, and continues to suffer, damages in an amount according to proof at trial.

156.   PLAINTIFF PALAFOX ALCAY is informed and believes, and thereon alleges, that DEFENDANTS committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure her and that such improper motives amounted to malice and a conscious disregard of her rights as set forth in Government Code § 12940(m).  An award of punitive damages against DEFENDANTS is therefore warranted.

157.   As a result of the discriminatory conduct of DEFENDANTS, as alleged herein, PLAINTIFF PALAFOX ALCAY is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

158.   PLAINTIFF PALAFOX ALCAY further prays for a permanent injunction and declaratory relief preventing DEFENDANTS from committing similar violations of FEHA in the future and declaring DEFENDANTS violations of FEHA in the instant matter.

///

///

///

## FIFTEENTH CAUSE OF ACTION

**Retaliation and Wrongful/Constructive Termination in Violation of Public Policy**

**(By Plaintiffs Miriam Palafox Alcay and Laura Rendon Against All Defendants)**

159.   PLAINTIFFS PALAFOX ALCAY and RENDON incorporate all paragraphs above as though fully set forth herein.

160.   At all times material hereto, PLAINTIFFS PALAFOX ALCAY and RENDON were employees of DEFENDANTS.

161.   At all times material hereto, the following statute was in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon DEFENDANTS at the time of PLAINTIFFS PALAFOX ALCAY and RENDON'S employment, including but not limited to:

- Cal. Gov. Code § 12940, et seq. embodies a fundamental state public policy and prohibits harassment, discrimination, retaliation, and failure to prevent discrimination based on disability;

- 29 U.S.C. 2601 *et seq.* also known as the Family First Coronavirus Response Act ("FFRCA") embodies a fundamental state public policy and prohibited retaliation against employees who requested a leave of absence from working because the daycare or school facility for that employee's child closed.

162.   DEFENDANTS further violated the law and the well-settled public policy set forth in Cal. Gov. Code § 12940(a), et seq., by harassing, discriminating against, retaliating against, failing to prevent discrimination, retaliation, and/or harassment, and by ultimately terminating and/or constructively terminating PLAINTIFF PALAFOX ALCAY due to her disability and/or medical condition.

163.   As set forth above, DEFENDANTS denied PLAINTIFF PALAFOX

ALCAY'S request for an accommodation.  By denying PLAINTIFF PALAFOX ALCAY and RENDON's requests for protected leave and forcing them to return to work or resign and/or be terminated, DEFENDANTS intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

164.   DEFENDANTS acted with malice, oppression, and fraud and in conscious disregard for PLAINTIFFS PALAFOX ALCAY and RENDON'S rights under the law, by retaliating against their employment in contravention of the public policies set forth therein.

165.   As a direct, foreseeable and proximate result of DEFENDANTS' behavior, PLAINTIFFS PALAFOX ALCAY and RENDON have suffered, and continue to suffer, damages in an amount according to proof at trial.

166.   PLAINTIFFS PALAFOX ALCAY and RENDON are informed and believe, and thereon allege, that DEFENDANTS committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure him and that such improper motives amounted to malice and a conscious disregard of their rights.  Pursuant to Civil Code § 3294, an award of punitive damages against DEFENDANTS is therefore warranted.

167.   As a result of the illegal conduct of DEFENDANTS, as alleged herein, PLAINTIFFS PALAFOX ALCAY and RENDON are entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

## SIXTEENTH CAUSE OF ACTION

### Retaliation and Wrongful/Constructive Termination

### [Gov't. Code § 12940(h)]

### (By Plaintiff Miriam Palafox Alcay Against All Defendants)

168.   PLAINTIFF PALAFOX ALCAY incorporates all paragraphs above as though fully set forth herein.

169.   DEFENDANTS, at the time of the wrongful conduct against PLAINTIFF PALAFOX ALCAY described herein, knew that it was against the law and an unlawful employment practice "[f]or an employer… to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [Government Code § 12940]."

170.   At all times material hereto, DEFENDANTS were prohibited from discriminating and retaliating against employees who oppose practices forbidden by FEHA.

171.   After DEFENDANTS failed to engage in the interactive process and denied PLAINTIFF PALAFOX ALCAY'S request for an accommodation, PLAINTIFF PALAFOX ALCAY did not immediately return to work and DEFENDANTS retaliated against PLAINTIFF PALAFOX ALCAY by terminating her.

172.   As set forth above, by denying PLAINTIFF PALAFOX ALCAY'S request for an accommodation and protected leave and forcing her to return to work or resign and/or face termination, DEFENDANTS intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

173.   Such conduct as described herein violates Government Code § 12940(h), which makes it unlawful to discharge, expel, or otherwise discriminate against an employee because the employee has opposed discriminatory or harassing practices.

174.   As a direct, foreseeable and proximate result of DEFENDANTS' behavior, PLAINTIFF PALAFOX ALCAY has suffered, and continues to suffer, damages in an amount according to proof at trial.

175.   PLAINTIFF PALAFOX ALCAY is informed and believes, and thereon alleges, that DEFENDANTS committed the acts described above deliberately,

callously, maliciously, fraudulently and in an oppressive manner intended to injure her and that such improper motives amounted to malice and a conscious disregard of her rights as set forth in Government Code § 12940(h).  An award of punitive damages against DEFENDANTS is therefore warranted.

176.   As a result of the discriminatory conduct of DEFENDANTS, as alleged herein, PLAINTIFF PALAFOX ALCAY is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

177.   PLAINTIFF PALAFOX ALCAY further prays for a permanent injunction and declaratory relief preventing DEFENDANTS from committing similar violations of FEHA in the future and declaring DEFENDANTS' violations of FEHA in the instant matter.

## SEVENTEENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Plaintiffs Against All Defendants)

178.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

179.   A person intentionally inflicts emotional distress when he/she engages in extreme and outrageous conduct with either: (1) an intent to cause emotional distress; or (2) reckless disregard of the probability of causing emotional distress, and actually does cause severe emotional suffering. (See *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).)

180.   DEFENDANTS owed PLAINTIFFS a duty of care not to cause them emotional distress.

181.   As alleged herein and above, DEFENDANTS knowingly discriminated and retaliated against PLAINTIFFS based on their gender, disability, medical condition, and/or for requesting protected leave, causing PLAINTIFFS severe emotional distress. DEFENDANTS further caused PLAINTIFFS severe emotional distress by conspiring against PLAINTIFFS, to pay them less than male counterparts

for substantially similar work, to deprive them of work opportunities provided to male counterparts performing substantially similar work, forcing them to work long stretches without breaks, and forcing them to work off the clock.

182.   DEFENDANTS were aware that treating PLAINTIFFS in the manner alleged above, including depriving PLAINTIFFS of their livelihood, would devastate PLAINTIFFS and cause them extreme hardship.

183.   DEFENDANTS breached their duty to PLAINTIFFS by way of their own conduct, as alleged herein and above.

184.   DEFENDANTS' discriminatory, harassing, and retaliatory actions against PLAINTIFFS constituted severe and outrageous misconduct and caused PLAINTIFFS to suffer extreme emotional distress that exceeded the normal risks of the employment relationship.

185.   Such acts of DEFENDANTS were intentional, extreme, and outrageous, and were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing PLAINTIFFS serious emotional distress.

186.   As a proximate result of DEFENDANTS' extreme and outrageous conduct, PLAINTIFFS have suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

187.   DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS. PLAINTIFFS are thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

///

///

///

///

COMPLAINT FOR DAMAGES

## EIGHTEENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all Defendants)**

188.   PLAINTIFFS incorporate all paragraphs above as though fully set forth herein.

189.   Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required rest and meal periods, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFFS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

190.   DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS.

191.   DEFENDANTS has avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

192.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the relevant time period at the expense of PLAINTIFFS, and members of the public. DEFENDANTS

1   should be made to disgorge its ill-gotten gains and to restore them to PLAINTIFFS.

2        193.   DEFENDANTS' unfair and unlawful business practices entitle

3   PLAINTIFFS to seek preliminary and permanent injunctive relief, including but not

4   limited to orders that DEFENDANTS account for, disgorge, and restore to

5   PLAINTIFFS the wages and other compensation unlawfully withheld from them.

6   PLAINTIFFS are entitled to restitution of all monies to be disgorged from

7   DEFENDANTS in an amount according to proof at the time of trial, but in excess of

8   the jurisdiction of this Court.

9               **NINETEENTH CAUSE OF ACTION**

10      **Violation of California Private Attorneys General Act ("PAGA")**

11           **[Cal. Lab. Code §§ 2698, *et seq.*]**

12              **(Against All Defendants)**

13        194.   PLAINTIFFS incorporate all paragraphs above as though fully set forth

14   herein.

15        195.   California Labor Code §§ 2698, *et seq.* ("PAGA") permits

16   PLAINTIFFS to recover civil penalties for the violation(s) of the Labor Code section

17   enumerated in Labor Code § 2699.5.

18        196.   At all times herein set forth, PAGA was applicable to PLAINTIFFS'

19   employment by Defendant ECONCENTRO.

20        197.   At all times herein set forth, PAGA provides that any provision of law

21   under the California Labor Code that provides for a civil penalty to be assessed and

22   collected by the LWDA for violations of the California Labor Code may, as an

23   alternative, be recovered through a civil action brought by an aggrieved employee on

24   behalf of himself and other current or former employees pursuant to procedures

25   outlined in California Labor Code § 2699.3.

26        198.   Pursuant to PAGA, a civil action under PAGA may be brought by an

27   "aggrieved employee," who is any person that was employed by the alleged violator

28   and against whom one or more of the alleged violations was committed.

199.   PLAINTIFFS were employed by DEFENDANTS and the alleged violations were committed against PLAINTIFFS during their time of employment and they are, therefore, aggrieved employees.  PLAINTIFFS and other employees are aggrieved employees as defined by California Labor Code § 2699(c) in that they are all current or former employees of DEFENDANTS who is or was employed by DEFENDANTS, and one or more of the alleged violations were committed against them.

200.   Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including PLAINTIFFS, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee shall give written notice by certified mail ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b) The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

201.   On October 22, 2022, PLAINTIFFS provided written notice by certified mail to the LWDA and to Defendant ECONCENTRO of the specific provisions of the California Labor Code alleged to have been violated, including the facts and

COMPLAINT FOR DAMAGES

theories to support the alleged violations.

202.   PLAINTIFFS have satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendant ECONCENTRO, in addition to other remedies, for violations of California Labor Code sections referenced hereto and below.

203.   DEFENDANTS conduct, as alleged herein, violates numerous sections of the California Labor Code including but not limited to the following:

      (a) Violation of Labor Code §§ 226.7, 512 and IWC Wage Order No. 7-2001 for failure to provide required rest periods;

      (b) Violation of Labor Code §§ 226.7, 510, 512, 1194, and 1197 and IWC Wage Order No. 7-2001 for failure to provide required meal periods;

      (c) Violation of Labor Code §§ 201, 202, and 203 for failure to timely pay all wages due to discharged and resigning employees;

      (d) Violation of Labor Code § 204 for failure to timely pay all wages earned;

      (e) Violation of Labor Code §1197 for failure to pay minimum wages;

      (f) Violation of Labor Code §§ 226 and IWC Wage Order No. 7-2001 for failure to maintain required records;

      (g) Violation of Labor Code § 2802 for failure to indemnify employees for necessary expenditures incurred in the discharge of duties; and

      (h) Violation of Labor Code § 226(a) for failing to provide accurate wage statements, as herein alleged.

204.   Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, PLAINTIFFS and all other aggrieved employees are entitled to recover civil penalties against DEFENDANTS, in addition to other remedies, for violations of the above-referenced California Labor Code sections.

205.   Further, PLAINTIFFS are entitled to seek and recover reasonable

attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS prays for judgment against Defendants as follows to the full extent allowed by law:

1. For special damages, including but not limited to, lost earnings, lost benefits, front pay, business-related expenses incurred in the scope of employment, and/or out-of-pocket expenses in an amount according to proof at the time of trial;

2. For general damages in an amount set forth above and/or according to proof at the time of trial;

3. For punitive and exemplary damages in an amount according to proof at the time of trial;

4. For all premiums and penalties;

5. For liquidated damages;

6. For pre-judgment and post-judgment interest at the prevailing legal rate;

7. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit;

8. For a permanent injunction and declaratory relief preventing DEFENDANTS from committing similar violations in the future and declaring DEFENDANTS violations in the instant matter; and

///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES

9. For such other and further relief as the Court may deem equitable and appropriate.

**LUNA LEGAL FIRM**

Dated: January 6, 2023           By: _____

Silvia E. Luna, Esq.
Attorneys for Plaintiffs
**MIRIAM PALAFOX ALCAY,
MARIA DIAZ, NORMA DANIELA
PEREZ, LAURA ANGELICA
RENDON, AND MONICA
REYNOSO**

COMPLAINT FOR DAMAGES

1

## <u>JURY TRIAL DEMANDED</u>

2
PLAINTIFFS demand a trial by jury on claims so triable.

3

4
Respectfully submitted,

5

6
**LUNA LEGAL FIRM**

7

8
Dated: January 6, 2023                    By: _____

9
Silvia E. Luna, Esq.

10
Attorneys for Plaintiffs

11
**MIRIAM PALAFOX ALCAY,**
**MARIA DIAZ, NORMA DANIELA**

12
**PEREZ, LAURA ANGELICA**
**RENDON, AND MONICA**

13
**REYNOSO**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES